U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 SEP 12 PM 2: 12

CLERK

BY  PM
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Kamal Karna Roy, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:11-cv-213 |
| ) | |
| United States Government; All ) | |
| States of USA; Associated Press, ) | |
| Inc.; New York State Department of ) | |
| Education; Michael Bloomberg; ) | |
| Government of the United Kingdom; ) | |
| Government of Hawaii; United Nations; ) | |
| Barack Obama; Michelle Obama; and ) | |
| Mary E. Zysinski; ) | |
| ) | |
|     Defendants. ) | |

## OPINION AND ORDER DISMISSING COMPLAINT
(Doc. 1)

Plaintiff Kamal Karna Roy, a New York resident proceeding *pro se*, seeks to file a Complaint in this court. Pending before the court is Mr. Roy's motion to proceed *in forma pauperis*. Because the court cannot discern the Plaintiff's financial status based upon the information set forth in his motion, it cannot issue a ruling on the motion. The question of *in forma pauperis* status is moot, however, since for the reasons set forth more fully below, this case must be DISMISSED without prejudice.

When a court reviews an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis. *See* 28 U.S.C. § 1915(e)(2). A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Complaint in this case is 152 pages in length, including exhibits. Aside from documents that have been photocopied, the text is barely legible and extremely fragmented. Defendants in the case include the governments of the United States, the United Kingdom and the State of Hawaii; a state agency in New York; Mayor Michael Bloomberg; the Associated Press; President Barack Obama and First Lady Michelle Obama. Although not at all clear, there appears to be a claim that President Obama was not born in the United States, and that this alleged fact has been ignored by the three branches of the federal government. Exhibits submitted with the Complaint include correspondence with the Internal Revenue Service and the Harrietstown Housing Authority, tax and income information regarding a group entitled Handicap Interest International World Religions Group, and copies of civil cover sheets from other litigation brought by this Plaintiff in district courts throughout the country.

Mr. Roy's submissions do not conform with Rule 8 of the Federal Rules of Civil Procedure, as they do not contain "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Specifically, there are no clear statements regarding the basis for this court's jurisdiction, the legal causes of action being asserted, or the facts underlying such causes of action. As a result, the court is unable to identify any viable federal claim or facts to support such a claim. As one court commented with regard to an apparently similar filing by this same Plaintiff,

> [e]ven in those rare moments that the Court is able to make out a coherent sentence or phrase, the Court can discern no cause of action, nor any factual allegations, that might serve as the basis for a cause of action in federal court. Indeed, nothing about these submissions is 'simple, concise, and direct,' as directed by Rule 8(e)(1).

*Roy v. We The People*, 2007 WL 4299177, at *1 (E.D.N.Y. Dec. 5, 2007)l *see also Roy v. U.S. Government*, 2009 WL 1449090, at *1 (E.D. Mich. May 21, 2009) (noting the lack of "a comprehensible sentence"); *Roy v. Democratic Republic of USA*, 2008 WL 3413898, at *1 (E.D.N.Y. Aug. 8, 2008) (characterizing complaint as "lengthy and illegible").

If a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," a district court may dismiss the case. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Furthermore, leave to amend need not be granted where it clear that any effort to do so would be futile. *See Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002). Because this is such a case, the court cannot allow the action to proceed. *See, e.g., Roy v. United States*, 2009 WL 4064578, at *2 (D. Vt. Nov. 20, 2009).[1] Mr. Roy's motion to proceed *in forma pauperis* (Doc. 1) is therefore DENIED as moot, and this case is DISMISSED without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 12th day of September, 2011.

_____
Christina Reiss, Chief Judge
United States District Court

---

[1] The court also notes Mr. Roy's history as a serial filer. *See Roy v. 2 Democratic Senators of NYS*, 2009 WL 2905486, at *4 (N.D.N.Y. Sept. 9, 2009) (citing cases) (noting that Mr. Roy has filed, under various names, "some 161 other *pro se* civil rights actions in federal courts across the country . . . , the vast majority of which have been rather promptly dismissed under Rules 8, 10 and/or 12. Many of these dismissals were issued expressly based on frivolousness.").